IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:94 CR 721 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **KRISTINE JOAN RASHLEY,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

### INTRODUCTION

This is a criminal case in which the defendant, Kristine Rashley-Phillips, has moved to expunge her conviction. (Doc. 19). Pending before the Court is Defendant's Motion for Expungement (Doc. 19), which the Government opposed (Doc. 20). Defendant has not filed a Reply and her time in which to do so has expired. *See* Non-document order dated May 27, 2021. For the reasons discussed below, Defendant's motion is DENIED.

### BACKGROUND

In 1994, Defendant, then known as Kristine Rashley, pled guilty to one count of bank embezzlement in violation of 18 U.S.C. § 656. (Doc. 5). Judge John W. Potter sentenced Defendant to one day of imprisonment with the United States Marshals, credit for time served at booking, three years of supervised release (including no new credit), access by the United States Probation Office to financial information, attendance of a mental health program, and a special assessment fee of $50. (Doc. 12).

In May 2021, Defendant sent a letter to this Court requesting expungement of her record of conviction. (Doc. 19). In the letter, Defendant notes she applied for an Ohio concealed carry

permit but was denied by the Williams County Sheriff's Office because of her prior conviction. *Id.*; (Doc. 19-1) (letter from Sheriff's Office). Other than attaching the denial letter, Defendant makes no specific argument as to why her conviction should be expunged. *See* Doc. 19; Doc. 19-1.

## DISCUSSION

Before considering the merits of Defendant's motion, the Court must determine whether it has jurisdiction to do so. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and Congress; they may not expand their power by "judicial decree." *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, this Court may "only hear cases that invoke an independent basis of federal subject matter jurisdiction." *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014). The party moving to expunge has the burden of establishing a federal court's jurisdiction. *See United States v. Thomas*, 2020 WL 1171612, at *1 (N.D. Ohio) (citing *Kokkonen*, 511 U.S. at 377).

Other than by statute, the only means through which this Court may consider a motion for expungement is under ancillary jurisdiction. *See Field*, 756 F.3d at 914. Federal courts have "ancillary" jurisdiction over proceedings that are related to, but technically separate from, the original case over which the court had subject-matter jurisdiction. *Thomas*, 2020 WL 1171612, at *1 (citing *Field*, 756 F.3d at 914). However, both the Sixth Circuit and this Court have limited such ancillary jurisdiction to expungement motions challenging an unconstitutional conviction as opposed to those based on purely equitable grounds. *See, e.g., Field*, 756 F.3d at 916; *United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017); *see also United States v. James*, 2017 WL

2

3841885, at *1 (N.D.W. Va.) (collecting cases and discussing how seven circuit courts of appeal have held the same). Thus, this Court may only exercise jurisdiction to expunge in cases involving "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through government misconduct." *Deer*, 249 F. Supp. 3d at 877 (internal citations and quotations omitted).

Though not explicitly stated, Defendant's motion for expungement is ostensibly based on equitable grounds, as she implores the Court to "consider expungement" following the denial of a concealed carry permit. (Doc. 19). However, as the Government correctly observes in Opposition (Doc. 20), this Court "lack[s] ancillary jurisdiction" over motions to expunge involving "purely equitable considerations—*e.g.*, motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Field*, 756 F.3d at 915. Therefore, because Defendant does not allege "that [her] conviction is illegal, that the embezzlement statute is now unconstitutional, or that the government procured [her] conviction through misconduct", this Court plainly lacks ancillary jurisdiction to consider her motion. *Deer*, 249 F. Supp. 3d at 877.

Finally, while some federal statutes permit the expungement or sealing of criminal records in limited circumstances,[1] there is no federal statute that gives this Court the general authority to expunge valid criminal convictions. *United States v. Anderson*, 2021 WL 1117019, at *1 (S.D. Ohio). Moreover, there is no applicable federal statute for the offense of bank embezzlement. Thus, because the Court lacks both statutory authority and an independent grant of jurisdiction to

---

1. *See, e.g.*, 18 U.S.C. § 3607(c) and 21 U.S.C. § 844a(j) (granting courts the power to expunge convictions for certain violations of the Controlled Substances Act); 10 U.S.C. § 1565(e) (authorizing the Secretary of Defense to expunge certain records).

consider Defendant's motion, it must be denied. *See, e.g.*, *Deer*, 249 F. Supp. 3d at 877-88; *United States v. Tippie*, 2013 WL 4782370, at *1 (N.D. Ohio).

## CONCLUSION

For the foregoing reasons, it is hereby:

ORDERED that Defendant's motion for expungement (Doc. 19) be, and the same hereby is, DENIED for lack of jurisdiction.

                                                 *s/ James R. Knepp II*
                                                 UNITED STATES DISTRICT JUDGE